UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANSUL LURIO,

                Plaintiff,

        -against-

MANNA PARC 61 LLC d/b/a GINA MEXICANA and
ELLIANA PROPERTIES,

                Defendants.

Case No. 16CV4527

**COMPLAINT**

---

Plaintiff, ANSUL LURIO (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues MANNA PARC 61 LLC d/b/a GINA MEXICANA (the "Restaurant") and ELLIANA PROPERTIES (the "Landlord") (the Restaurant and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## NATURE OF THE CLAIMS

1.     Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

2.     This action seeks, *inter alia*, to make the Defendants' property accessible so that Plaintiff can finally enjoy the full and equal opportunity that the Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 42 U .S.C. §12182 and 28

U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' property which is the subject of this action is located in this district.

## PARTIES

5.      At all times relevant to this action, Plaintiff has been employed in the City of New York.

6.      The Plaintiff has muscular dystrophy.  As a result, As a result, Plaintiff utilizes a wheelchair to ambulate.

7.      The Restaurant owns and operates what is styled as a "Mexican" restaurant, which serves food and beverages and is open to the general public, at the premises known and designated as 145 E. 61st Street, New York, New York (the "Property").

8.      The Landlord is the owner of the Property.

## FACTS

9.      Plaintiff's place of employment is near the Property and he passes by the Restaurant on a regular basis, the last time being on June 1, 2016.  He went out with co-workers for drinks after work, and would have liked to sit in the garden area, but had to find another accessible place near-by, as the steps at the door prevented his entry.

10.     The Restaurant was formed in 2014 and general construction was undertaken at the Property to accommodate the Restaurant.

11.     Records of the New York City Department of Buildings reveal that substantial alterations were made to the Property in 2014, the precise scope and nature being unknown, but

included a complete renovation of the Restaurant at a cost of at least $203,750.

12.     Plaintiff is unable to enter the Restaurant due to the presence of two steps immediately inside the entrance to the Restaurant which prevent entry by anyone in a wheelchair.

13.     It is humiliating and demeaning for the Plaintiff to be compelled to ask his friends to look for somewhere he can enter and to observe individuals who are able to ambulate enter the Defendants' public accommodation, while he can only sit on the sidewalk and watch.

14.     The barriers to Plaintiff's entry remain in place.

15.     The failure of Defendants to remove the barriers to access complained of herein violates the ADA rights of the Plaintiff and other wheelchair users who want to enjoy the goods and services offered by the Restaurant.

16.     Plaintiff continues to look forward to enjoying a meal at the Restaurant when the barriers to his entry have been removed.

17.     The services, features, elements and spaces of the Restaurant are not readily accessible to, or usable by, Plaintiff and the Defendants' failure to make their place of public accommodation accessible denies Plaintiff the opportunity to participate in, or benefit from, services or accommodations on the basis of disability.

18.     Defendants newly constructed and/or altered the Property to accommodate the eating and drinking establishment operated by the Restaurant at the Property after the effective date of the ADA.

19.     When the Defendants engaged in such construction and/or alterations after the effective date of the ADA, they were required to perform those tasks in strict accordance with the ADA regulations detailed below.

20.     The following details the results of the inspection and violations of the 2010 ADA

3

Standards for Accessible Design (the "Standards") present at the Restaurant as of the date hereof (sections listed as violated refer to the Standards, unless otherwise noted), all of which were reviewed with Plaintiff prior to the filing of the complaint:

The Restaurant is located midblock on East 61 Street between Lexington Avenue and 3rd Avenue.  At the time of investigation, there was a bright orange enclosure around the entrance. Upon entering the enclosure, there are two steps down approximately 6 inches each.  The area within the orange enclosure, referred to here as a "foyer", is approximately 4 feet deep.  An outside area was being used for additional dining  There is a black metal railing that surrounds the foyer area except where the entrance door is and it's located inside of the enclosure.

**The entrance presents the following violations**:

a) The steps at the entrance means there is no accessible route; the steps at the door creates a rise within the maneuvering clearance that Plaintiff cannot navigate in his wheelchair. This prevents Plaintiff from entering (201.1, 206.2.1, 206.4, 402).

b) By leaving the steps down into the restaurant, the Defendants have failed to meet the requirements for alterations within primary function areas that ensure the path of travel to the altered area is accessible, to the maximum extent feasible (202.4).

c) 303.4 requires rises over ½ inch to be ramped.  Due to the failure to ramp the approximate 12 inches of steps inside the entrance door, there is no accessible route capable of navigation by a person in a wheelchair, in violation of 206.4, 303.2, 303.4, 402.1, 402.2, 403.4, 404 and 405.

d) There is no accessible means of egress provided (207, 210).

After entry into the Restaurant, beyond the foyer, there is couch seating with tables to the right and bar with barstool seating beyond the couches.  Past the bar area there is a small hall, and then a staff area for orders and supplies.  There are additional dining tables in the back, none

of which are ADA compliant.  These tables have booth seating on the outside edges with chairs on the other side.  There is a door in the back of the Restaurant which opens to an outside patio area.  There are multiple round and oblong tables in the patio area.  All of the tables are "peg leg" style tables, which obstruct Plaintiff's knees and toes and do not allow the Plaintiff to pull up to enjoy his meal, as able bodied persons can.  Additionally, there are several free standing umbrellas in this area as well as a few built in planters.  There is no clear path of travel in the patio area for a wheelchair bound patron.

**The dining areas present the following violations**:

e)  The Restaurant must provide an accessible route to all dining areas, but there is no route to any dining area due to the steps inside the entry door (206.2.5, 902.1).

f)  There is no accessible seating in any of the dining areas which allow both a 30 inch wide clear space for the Plaintiff to pull up in his chair beneath a table and a 30 x 48 space for his chair to sit without obstructing others (226.1, 226.2, 306, 306.1, 306.2, 306.3, 902).

g)  There is no clear 36 inch pathway through the outside dining area so Plaintiff may approach a seat to enjoy the outside dining as other may (403.5, 403.5.1).

There are two bathrooms are located in a short hall between the bar and the staff serving area.  Only the women's bathroom was examined.  It is unclear if the men's bathroom is handicap accessible, but the women's is not.

The door to the women's toilet room opens inwards, into the clear floor space required for an individual maneuvering in a wheel chair, and the opening is only 31 inches wide when the door is open.  The handle on the bathroom door is a knob with a lock built in, the type that is difficult for the Plaintiff to reach, pinch and turn due to limited hand dexterity required.

Upon entering the bathroom there is a large counter that runs the entire length of the 77"

wall, on the left side.  The sink is built into the counter and is located on the far left of the counter.  The counter exceeds the 34" height that would allow the Plaintiff access.  There is a soap dispenser and a pile of paper towels on the counter that are out of reach for Plaintiff.  The length of the counter restricts the clear space required at the toilet bowl.  The pipes under the sink are not wrapped as required to prevent burns.  There is a cement block under the far end of the counter (opposite end of the sink and near the toilet) which prevent the required clear floor space at the toilet and greatly inhibit the space for a person in a wheelchair to move.

The toilet lacks the required clear floor space for either a forward or an approach from the side.  There is one grab bar on the wall side and it is 42" from the floor.  The flush control is on the closed side of the toilet.  There is a garbage can between the counter and toilet blocking clear floor space.  There is a mirror 52 inches off the floor, which does not allow the plaintiff to view himself as able bodied patrons can.

**The toilet rooms presents the following violations:**

k)      No signage is present which directs disabled patrons to the nearest accessible toilet, in violation of 216.8.

l)      Due to the high side grab bar and no bar on the back wall, there are not properly placed grab bars provided at any toilet which comply with 604.5 and 609.

m)      213.1 requires the Restaurant to provide an accessible bathroom on an accessible floor of the facility.

n)      213.2 requires the Restaurant to comply with 603 and violates 604.8 by failing to provide an accessible room meeting the requirements stated within.

o)      The mirror is hung over 40 inches from the floor, so that Defendants fail to comply with 603.3(mirror) and 217.3.5(mirror).

p)      The lack of turning space within the room violates 603.2.1.

q)   The door swinging into the clear floor space at the sink and toilet, and turning space in the room, violating 603.2.3.

r)   By failing to provide compliant door hardware on the door, due to the round door knob, Defendants violate 404 and 309.4.

s)   Defendants violate 604.3 by failing to provide 60 inches clearance at the toilet which allows a person in a wheelchair to make a side transfer.

t)   The lack of grab rails, and placement of the toilet over 18 inches from the wall, violates 604.2 and 604.5, and will not allow a person in a wheelchair to maneuver independently to the toilet.

u)   The sinks fail to comply with 606 and 606.3 and 606.5 due to the height and unwrapped pipes.

v)   213.1 and 213.3 require toilet facilities, fixtures and accessories to comply with 213. Because of the step at the entrance the Restaurant does not have a toilet room connected by an accessible route to an accessible entrance.

w)   213.2 that requires that where toilet rooms are provided, each toilet room shall comply with 603.

21.   Photographs depicting some of the foregoing violations are annexed hereto as Exhibit A and incorporated by reference herein.  Further inspection of the Property may reveal additional barriers which violate applicable laws.

## FIRST CAUSE OF ACTION
(Violations of the Americans with Disabilities Act)

24.   Plaintiff is unable to ambulate and is confined to wheelchair, and thus has a disability within the meaning of the ADA.

25.   The ADA imposes joint and several liability on each of the property owner, operator and lessee of a place of public accommodation. 28 C.F.R. 36.201(b).

26.     Under the ADA, each of the property owner, lessee and operator are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

27.     Defendants have subjected and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation, all because he is disabled.

28.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of their place of public accommodation.

29.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(l)(A) and 28 C.F.R. § 36.203.

30.     Upon making alterations to the place of public accommodation at the Property, Defendants failed to make it accessible to Plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

31.     Upon making alterations to the primary function areas, Defendants failed to make the paths of travel to the primary function areas accessible to Plaintiff, in violation of 28 C.F.R. § 36.403.

32.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

33.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability, in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and in violation of 28

C.F.R. § 36.304.

34.     Defendants' discriminatory conduct includes, but is not limited to:

a.      Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b.      Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c.      Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Restaurant to individuals with disabilities;

d.      Failing to design and/or construct the Restaurant so that it is readily accessible to and usable by individuals with disabilities;

e.      Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Restaurant are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

f.      Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered areas and the bathroom serving the altered areas, are readily accessible to and usable by individuals with disabilities; and/or

g.      Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

35.     Defendants could have removed some of the illegal barriers at the Restaurant by i) ramping, with railings, the steps inside the entrance or installing a lift; ii) purchasing ADA complaint tables; and iii) providing an ADA compliant bathroom.

36.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

37.   Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12188(b)(l)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. § 503(a).

38.   Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible place of public accommodation.

## SECOND CAUSE OF ACTION
(Violation of New York State Executive Law)

39.   Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

40.   Plaintiff is confined to a wheelchair and thus suffers from a disability within the meaning of the Executive Law § 296(21).

41.   Defendants' have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because he is disabled.

42.   By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of their place of public accommodation.

43.   Defendants discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

44.   Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

45.   In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

46.   It would be readily achievable to make Defendants' place of public

accommodation fully accessible.

47.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

48.     As a direct and proximate result of Defendants' unlawful discrimination in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

49.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

### THIRD CLAIM FOR RELIEF
(Violation of the Administrative Code of the City of New York)

50.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

51.     The Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by  directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

52.     The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

53.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130.

54.     The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

55.     As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

56.     The Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

57.     By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

58.     The Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

59.     By refusing to make the place of public accommodation accessible, the Restaurant has unlawfully profited from its discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible.  The Restaurant's unlawful profits plus interest must be disgorged.

60.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO
THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

### FOURTH CLAIM FOR RELIEF
(Violations of New York State Civil Rights Laws)

61.     Plaintiff realleges and incorporates by this reference all allegations set in this
Complaint as if fully set forth herein.

62.     The Defendants have discriminated against plaintiff pursuant to New York State
Executive Law.

63.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil
Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

64.     Notice of the Defendants' violations and this action has been served upon the
Attorney General as required by Civil Rights Law § 40-d.

### FIFTH CLAIM FOR RELIEF
(Common Law Negligence)

65.     Plaintiff realleges and incorporates by this reference all allegations set in this
Complaint as if fully set forth herein.

66.     The Defendants have negligently designed, constructed, repaired, maintained and
operated their place of public accommodation located at the Property in a manner that has
rendered it inaccessible to the disabled Plaintiff.

67.     At all relevant times, the Defendants had a duty to design, construct, repair,
maintain and operate their place of public accommodation in a manner that is accessible to the
disabled Plaintiff.

68.     The Defendants breached their duty by negligently designing, constructing,
repairing, maintaining and operating their place of public accommodation in a manner that has
rendered it inaccessible to the disabled Plaintiff.

13

69.     The Defendant's failure to design, construct, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff has proximately caused Plaintiff to be unable to enjoy full and equal access to the Defendants' place public accommodation.

70.     The Defendant had actual and constructive notice that its place of public accommodation is not accessible to the disabled. The inaccessibility of the Defendants' place of public accommodation is visible, open, obvious, and apparent and has existed for a sufficient length of time for the Defendants to discover and remedy this condition.

71.     As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

72.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Restaurant to alter and modify its place of public accommodation and its policies, practices and procedures.

73.     Injunctive relief is also necessary to make Gina Mexicana readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to i) ramp the steps inside the entrance or install a lift.; ii) purchase ADA complaint tables; and iii) provide an ADA compliant bathroom.

## DECLARATORY RELIEF

74.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

75.     In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.     Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B.     Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C.     Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

F.     Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

G.      Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H.      Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I.      Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J.      For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 15, 2016

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza
New York, New York 10119
(212) 967-4440

# EXHIBIT A



















Inside Bathroom:



