UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANSUL LURIO,

        Plaintiff,

-against-

MANNA PARC 61 LLC d/b/a GINA MEXICANA and
ELLIANA PROPERTIES,

        Defendants.

---

Case No. 16CV4527

**CONSENT STIPULATION**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/17
```

**WHEREAS**, Plaintiff ANSUL LURIO ("Plaintiff") filed a complaint in the above-captioned action against defendants MANNA PARC 61 LLC d/b/a GINA MEXICANA (the "Restaurant") and ELLIANA PROPERTIES (with the Restaurant hereinafter referred to as "Defendants", and Plaintiff and Defendants as the "Parties"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

**WHEREAS**, the claims alleged herein by Plaintiff arise in connection with the restaurant operating at the property located at 145 E. 61st Street, New York, New York (the "Property"); and

**WHEREAS**, Defendants have denied all allegations that they have violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS**, the parties desire to settle the Action, without an admission of liability, on the terms and conditions set forth herein; it is therefore

**STIPULATED, CONSENTED AND AGREED**, that the Action shall be settled as follows:

1. Remedial Measures.

The Restaurant hereby agrees to undertake the following remedial actions at the Property:

a. Install either an ADA compliant lift rated to a minimum of 750 pounds at the entrance to the Restaurant which would allow Plaintiff and other wheelchair bound patrons to enter the Restaurant or a permanent ramp, with railings, which would allow Plaintiff and other wheelchair bound patrons to enter the Restaurant (said ramp will be compliant with the accessibility requirements set forth in the ADA, provided, however, that a slope not exceeding 1:8 may be utilized, if necessary). The installation of the lift or ramp shall be completed within six months of the date this Stipulation is filed with the Southern District Court (the "Start Date"). Within 30 days of the installation of the lift or ramp, the attorney for the Restaurant shall notify Plaintiff's counsel and shall furnish photograph(s) of the installed lift;

b. provide three (3) ADA compliant accessible tables on accessible routes in the currently available dining areas, including the bar area, the main dining area and the rear garden area;

c. within 18 months of the Start Date, provide an ADA compliant, wheelchair accessible toilet room, including (but not limited to) the following:

i. provide a door with minimum 32 inch width which does not open into the clear floor space of the toilet room;

ii. install an ADA compliant handle which may be easily manipulated by individuals with limited dexterity;

iii. mount the sink at an ADA compliant height so that the rim or counter surface is no higher than 34 inches above the floor and provides a clearance of at

2

least 29 inches above the floor to the bottom of the apron, to allow knee and toe clearance;

    iv.    provide a clear floor space, 30 inches by 48 inches, in front of the sink to allow a forward approach;

    iv.    wrap the hot water pipe to prevent burns;

    v.    install ADA compliant faucet handles which may be easily manipulated and which don't require grasping;

    vi.    mount a mirror with the bottom edge of the reflecting surface no higher than 40 inches above the floor; and

    vii.    posting of signs directing patrons to the accessible toilet room and identifying the accessible toilet room.

In the event of unforeseen circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, Defendants may request from Plaintiff's counsel an extension of time to complete the installation of said bathroom for a period not to exceed 6 months, which consent shall not be unreasonably withheld.

2.    <u>Settlement Amount.</u>

The parties hereto agree that monetary compensation shall be paid to Plaintiff and his counsel in resolution of all claims asserted in this action, pursuant to a separate and confidential letter dated as of the date of this Stipulation and signed by counsel for the Plaintiff and Defendants as authorized representatives of their respective clients (such compensation being known as the "Settlement Payment"). The Settlement Payment shall be in full and complete satisfaction of all damages, fees, expenses, expert fees, and attorney's fees incurred by Plaintiff and Plaintiff's attorney in connection with all claims alleged, and all claims that could have been

3

alleged, by Plaintiff in the Action.

3. <u>Release.</u>

In consideration of the Defendants' obligations under this Stipulation, the Plaintiff on behalf of himself, his heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges Defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action.

4. <u>Withdrawal of Action.</u>

Upon execution of this Stipulation, Plaintiff's counsel shall file a stipulation of dismissal in the form attached hereto.

5. <u>No Admission of Liability.</u>

There has been no finding of fact or law as to any of the allegations that have been made as against Defendants. Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of Defendants. Defendants acknowledge, without conceding, any infirmity in their defenses, that they are entering into this Stipulation solely

4

in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by either of the Defendants, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

6. Fees and Expenses.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of any efforts required to enforce this Stipulation, or the separate letter agreement relating to compensation.

7. Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that Party. All references to the Defendants herein shall be deemed to include their successors and assigns.

8. Governing Law and Jurisdiction.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

9. <u>Interpretation.</u>

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Stipulation has been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

10. <u>Modification of Stipulation.</u>

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the Parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11. <u>Entire Agreement.</u>

This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

12. <u>Signatures in Counterparts.</u>

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13. <u>Headings.</u>

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set

forth below.

Dated: New York, New York
       January 25, 2017

                                                    _____
                                                    ANSUL LURIO

MANNA PARC 61 LLC                ELLIANA PROPERTIES

By:_____               By:_____
Name:                            Name:
Title:                           Title:

So Ordered:

_____
USDCJ

7

forth below.

Dated: New York, New York
_____, 2017

_____
ANSUL LURIO

MANNA PARC 6T LLC

By: _____
Name: PAOLA PEDRIGNAN
Title: (MEMBER)

ELLIANA PROPERTIES

By: _____
Name: Ely Samuels
Title: Managing Agent

So Ordered,

_____
USDCJ
1·30-17
JS

7